**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JESSICA MOORE,**
      **Plaintiff,**

**-vs-**                 **Case No. 6:09-CV-274-Orl-31KRS**

**THE CLUB AT ORLANDO**
**CONDOMINIUM ASSOCIATION, INC.,**
**PEGGY CULLEN,**
      **Defendants.**
_____

## ORDER

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION TO STRIKE PLAINTIFF'S EXPERT REVEREND TERRENCE GRAY OR, ALTERNATIVELY, TO COMPEL HIM TO PROVIDE RELEVANT INFORMATION AND FOR A CONTINUANCE FOR THE LIMITED PURPOSE OF COMPLETING HIS DEPOSITION (Doc. No. 41)** |
| **FILED:** | **August 3, 2009** |

Defendants seek an order striking the proposed testimony of Plaintiff Moore's witness, Reverend Terrence Gray, to the extent that he proposes to provide expert opinions, or, in the alternative, compelling him to provide certain counseling notes and records and to answers questions concerning his counseling of Moore, which Gray apparently declined to answer based on the assertion of a state law clergy-penitent privilege. Doc. No. 41 ¶ 3.

Because the discovery deadline has passed, it is important for this motion to be resolved promptly. Accordingly, it is **ORDERED** that counsel for Moore shall file and serve a response to the motion on or before Monday, August 10, 2009. With the response, counsel for Moore shall file and

serve the privilege log with respect to questions Gray declined to answer during the deposition and each document that Gray declined to produce, which log must be in the form required by my Standing Order Regarding Privilege Logs, found online at http://www.flmd.uscourts.gov – Judicial Info – Judge Spaulding – Standing Orders.

The Court is inclined to require the deposition of Gray to proceed expeditiously once the privilege issues are resolved in order to determine whether, in fact, Gray intends to present opinions as a expert witness. Counsel for Moore is reminded that privileges such as the clergy-penitent privilege are "intended as a shield, not a sword," such that a witness may not testify as to some matters that would be privileged but decline to testify as to other matters so as to thwart discovery. *See, e.g., GAB Bus. Servs., Inc. v. Syndicate 627*, 809 F.2d 755, 762 (11th Cir. 1987) (internal citations omitted); *accord Cox v. Adm'r U.S. Steel & Carnegie*, 17 F.3d 1386, 1417 (11th Cir. 1994).

It is further **ORDERED** that counsel shall confer in person or by telephone before the response to the motion is filed in a good faith effort to resolve the issues presented in the motion, and to obtain dates on which counsel and Gray are available for the continuation of his deposition. After the response is filed, the Court may schedule a hearing on short notice.

**DONE** and **ORDERED** in Orlando, Florida on August 6, 2009.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties