IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JESSICA MOORE,

        Plaintiff,

vs.   Case No.: 6:09-CV-274-ORL-31-KRS

THE CLUB AT ORLANDO
CONDOMINIUM ASSOCIATION, INC.,
and PEGGY CULLEN,

        Defendants.
_____

**PLAINTIFF'S RESPONSE TO DEFENDANTS'
MOTION TO STRIKE PLAINTIFF'S EXPERT REVEREND TERRENCE GRAY
OR, ALTERNATIVELY, TO COMPEL HIM TO PROVIDE
RELEVANT INFORMATION AND FOR A CONTINUANCE
FOR THE LIMITED PURPOSE OF COMPLETING HIS DEPOSITION**

Plaintiff Jessica Moore ("Moore"), by and through her undersigned attorneys, responds to Defendants' The Club at Orlando Condominium Association, Inc. and Peggy Cullen (hereinafter the "Defendants") Motion to Strike Plaintiff's Expert Reverend Terence Gray ("Gray") or, Alternatively, to Compel Him to Provide Relevant Information and For a Continuance for the Limited Purpose of Completing His Deposition (the "Motion").[1] In support thereof, Moore states as follows:

    1.    On or about August 3, 2009, Defendants' filed their Motion.

---

[1] This motion and response are in addition to the motion to strike Rev. Gray as an expert witness previously filed by Defendants (Dkt. No. 31) and responded to by Plaintiff (Dkt. No. 35).

1

2. On or about August 6, 2009, this Court entered two (2) Orders relating to the Motion. See Dkt. Nos. 43 and 44. The chief concern of the Court's Orders was that it appeared from Defendants' Motion, and the excerpts of Gray's deposition transcript filed by Defendants' in their Notice of Filing shortly thereafter,[2] that the privilege between penitents and clergy had become an issue. See Fla. Stat. § 90.505.

3. Accordingly, the Court ordered: (1) Moore to file a response to Defendants' Motion on or before August 10, 2009; (2) Moore to file and serve a privilege log with respect to questions and documents which Gray declined to answer during the first hour of the deposition conducted on July 28, 2009; and (3) that counsel for Moore and Defendants confer in an effort to resolve the issues presented by the Motion.

4. After conferring with opposing counsel, a majority, if not all, of the matters that arose as a result of the Motion have been resolved.

5. After the incident, Moore met with Gray for counseling on approximately five (5) different occasions. During the first counseling session, Moore's ex-fiancé was present. Moore's ex-fiancé was not present at the remaining counseling sessions.

6. During the counseling sessions, Gray took one (1) page of notes related to the counseling.

7. During the course of the deposition, Defendants' counsel requested a copy of the notes and Gray refused to turn them over citing privilege. As set forth hereinbelow, Moore does not dispute Defendants' right to the notes requested as they pertain to her claims in this action.

---

[2] See Dkt. No. 42.

8.     With regard to a limited continuance for purposes of completing Gray's deposition, Moore has no objection to this request and undersigned counsel is working with Defendants' counsel and Gray's office to coordinate date(s) to complete his deposition. However, because of Gray's schedule, his office has advised undersigned counsel that, absent 1 or 2 days during the weekend, Gray will be out of town preaching and attending African Methodist Episcopal Church events/symposiums for the next two (2) weeks (ending August 24th).

9.     Because of the fact Gray has been out of town for most of July and August, undersigned counsel has been unable to discuss with Gray, at length, voluntary turnover of the one (1) page of notes created during Moore's counseling sessions. It is anticipated, however, that the page of notes will be provided to Defendants' counsel prior to resuming Gray's deposition.[3]

10.    Nevertheless, privilege can be waived by the party holding the privilege (in this instance, Moore). See e.g. Harley v. Health Ctr. of Coconut Creek, Inc., 469 F. Supp. 2d 1212, 1213 (S.D. Fla. 2006).

---

[3]    Undersigned counsel had a brief, yet positive, telephone conversation with Gray on August 6, 2009 regarding the matter and a follow-up conversation was scheduled for this week.

11. As communicated to opposing counsel during the required conference, with regard to the issues relating to privilege which arose during Gray's deposition, Moore has waived all privileged communications she has had with Gray concerning the spiritual and psychological counseling she received as a result of the incident and has further waived any privileged communications related to her one session of pre-marital counseling with Gray, to the extent such communications are even relevant or admissible.

12. Moreover, Moore has agreed to stipulate to allowing Defendants' counsel to ask questions related to such communications when Gray's deposition resumes.[4]

13. As such, a privilege log is unnecessary, as privilege is not being asserted by Moore with respect to her communications with Gray.

WHEREFORE, Plaintiff Jessica Moore does not object to an Order compelling Reverend Gray to answer questions related to communications Moore has had with Gray concerning the spiritual and psychological counseling Moore received as a result of the incident (including counseling related to pre-marital counseling as it pertained to her), and produce notes created during Moore's counseling sessions. Moreover, Plaintiff Jessica Moore respectfully requests that the Court enter an Order Granting a continuance for purposes of completing Reverend Gray's deposition and granting such other and further relief as it deems just and proper.

---

[4] It is also worth noting that mediation is currently set for August 17th, 2009. However, in the event mediation is unsuccessful, it is anticipated that the parties will seek a stipulated extension of the dispositive motion deadline in the event a continuance is granted for Gray's deposition.

Respectfully submitted this 10th day of August, 2009.

                                  s/Aaron C. Bates
                                  Counsel for Plaintiff

**COUNSEL:**

| Aaron C. Bates | Matthew W. Dietz |
|---|---|
| Florida Bar No. 011749 | Florida Bar No. 0084905 |
| BATES MOKWA, PLLC | LAW OFFICES OF MATTHEW W. DIETZ, P.L. |
| 126 East Jefferson Street | 2990 Southwest 35th Avenue |
| Orlando, Florida 32801 | Miami, Florida 33133 |
| Telephone: (407) 893-3776 | Telephone (305) 669-2822 |
| Facsimile: (407) 893-3779 | Facsimile (305) 442-4181 |
| abates@batesmokwa.com | Matthewdietz@usdisabilitylaw.com |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 10th, 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send notice of electronic filing to all parties named on the attached Service List or in some other authorized manner for those counsel or parties who are not authorized to receive notices electronically.

                                  s/ Aaron C. Bates
                                  Aaron C. Bates

**SERVICE LIST**

Robert Alden Swift
Greg Ackerman
Cole, Scott, & Kissane, P.A.
Tower Place, Suite 750
1900 Summit Tower Blvd.
Orlando, FL 32810
robert.swift@csklegal.com
greg.ackerman@csklegal.com
Phone: (321) 972-0000
Fax: (321) 972-0099

**Attorneys for Defendants**