**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JESSICA MOORE,**

          **Plaintiff,**

**-vs-**                                   **Case No. 6:09-cv-274-Orl-31KRS**

**THE CLUB AT ORLANDO**
**CONDOMINIUM ASSOCIATION, INC.,**
**PEGGY CULLEN,**

          **Defendants.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motion:

> **MOTION:**    **MOTION TO STRIKE PLAINTIFF'S EXPERT REVEREND TERRENCE GRAY OR, ALTERNATIVELY, TO COMPEL HIM TO PROVIDE RELEVANT INFORMATION AND FOR A CONTINUANCE FOR THE LIMITED PURPOSE OF COMPLETING HIS DEPOSITION (Doc. No. 41)**
>
> **FILED:**    **August 3, 2009**
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED** in part.

Defendants seek an order striking Plaintiff Moore's witness, Reverend Terrence Gray, Doc. No. 41 ¶ 2, or, in the alternative, compelling him to provide certain counseling notes and records and to answers questions concerning his counseling of Moore. *Id.* ¶ 3. Although styled as seeking relief in the alternative, the motion appears to make three separate, independent requests: striking anticipated expert testimony, compelling production of documents, and compelling testimony by Gray.

As to the first requested relief, Defendants have previously made a motion seeking to strike Reverend Gray on different grounds. *See* Doc. No. 39. That motion is pending before the Court. In the instant motion, Defendants prospectively seek to strike testimony that Reverend Gray has not yet offered. *See* Doc. No. 41 ¶ 2. Accordingly, the Court has no grounds to consider this first request and it is therefore **DENIED without prejudice**. As noted in a previous order, "[t]he Court is inclined to require the deposition of Gray to proceed expeditiously . . . to determine whether, in fact, Gray intends to present opinions as a[n] expert witness." Doc. No. 44 at 2.

The Court ordered Moore to respond to the motion as to the second and third requests, serve a privilege log, and confer "in a good faith effort to resolve the issues presented in the motion, and to obtain dates on which counsel and Gray are available for the continuation of his deposition." *Id.*

Moore responded that she "does not dispute Defendants' right to the notes requested as they pertain to her claims in this action," Doc. No. 46 ¶ 7, and "anticipate[s] . . . that the page of notes will be provided to Defendants' counsel prior to resuming Gray's deposition." *Id.* ¶ 9. Moore also "has agreed to stipulate to allowing Defendants' counsel to ask questions" related to her counseling sessions with Gray, "has waived all privileged communications she has had with Gray concerning the spiritual and psychological counsel she received as a result of the incident" and any privilege "related to her one session of pre-marital counseling with Gray" as well. *Id.* ¶ 11.

Moore "does not object to an order compelling Reverend Gray to answer questions related to communications Moore has had with Gray" in counseling sessions and to "produce notes created during Moore's counseling sessions." *Id.* at 4. Moore also "requests that the Court enter an Order Granting a continuance for purposes of completing Reverend Gray's deposition . . . ." *Id.*

Accordingly, as Defendants' second and third requests are unopposed, they are hereby **GRANTED**.

Because the dispositive motion deadline is September 1, 2009, and delaying that deadline would, in my experience, leave the presiding district judge insufficient time to resolve dispositive motions before trial, it is **ORDERED** that Reverend Terrence Gray shall appear for a deposition on August 24, 2009, at a place and time designated by Defendant, or such earlier date and time as agreed to by the parties. It is further **ORDERED** that Reverend Gray shall make himself available for seven hours on the day of the deposition, as the previous deposition was ineffective due to the assertion of now withdrawn privileges, the failure to produce notes, and Reverend Gray's early termination of that deposition. The testimony during the deposition may not be cited or relied upon in support of or in opposition to dispositive motions except by written agreement of the parties or by order of the Court because it will be completed after the discovery deadline.

It is further **ORDERED** that, on or before August 17, 2009, Moore shall produce to counsel for Defendants *all* notes Reverend Gray recorded during his counseling sessions with Moore, not simply those portions of the notes that Moore believes are "relevant or admissible." *See* Doc. No. 46 at 4. Failure to comply with this order may result in sanctions, including precluding Reverend Gray from testifying in support of a motion or response thereto, at a hearing or at trial. Fed. R. Civ. P. 16(f).

It is further **ORDERED** that Defendant shall file a renewed motion to strike plaintiff's expert Reverend Terrence Gray, supported by the transcript of the deposition (or, if not available, excerpts that reflect that Gray intends to offer expert opinions) on or before August 28, 2009.

The discovery deadline and deadline for filing discovery motions is not extended. This order shall not be cited or relied upon in support of a motion to continue other deadlines in this case.

**DONE** and **ORDERED** in Orlando, Florida on August 13, 2009.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE