# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JESSICA MOORE,**
                **Plaintiff,**

**-vs-**                                            Case No. 6:09-cv-274-Orl-31KRS

**THE CLUB AT ORLANDO**
**CONDOMINIUM ASSOCIATION, INC.,**
**PEGGY CULLEN,**
                **Defendants.**

## ORDER

This matter comes before the Court on the Renewed Motion to Strike Plaintiff's Expert Reverend Terrence Gray (Doc. 68) filed by the Defendants, The Club at Orlando Condominium Association, Inc. and Peggy Cullen, and the response (Doc. 74) filed by the Plaintiff, Jessica Moore ("Moore").

### I. Background

This is a housing discrimination case. Moore, who is African-American, has notified the Defendants that she intends to call the Reverend Terrence Gray ("Reverend Gray") as an expert witness. According to Moore, she sought counseling from Gray, her pastor, in his role as her "religious and grief counselor" after she allegedly was discriminated against on the basis of her race while attempting to rent a condominium.

In response to interrogatories from the Defendants, Moore stated that she intends for Reverend Gray to testify regarding "[t]he damaging effects that can result from discriminatory conduct and statements which reflect discriminatory animus towards a minority" as well as "the

emotional damages experienced by Moore as a victim of such discrimination, and the treatment provided as a result." Moore also stated that she seeks to have Gray testify that the Defendants' allegedly discriminatory conduct toward her caused her "severe emotional distress, embarrassment, and humiliation".

The Defendants contend that Reverend Gray should not be permitted to testify as an expert regarding these topics for several reasons: (1) because emotional distress, embarrassment, and humiliation are common human emotions that are well within the common sense understanding of jurors and require no expert testimony; (2) because Reverend Gray is not qualified by training or experience to offer expert testimony on these topics; and (3) because Reverend Gray's opinion would be unreliable, in that it would not be based on sufficient data or recognized scientific methodology.

## II. Legal Standard

Federal Rule of Evidence 702 governs the introduction of expert testimony. In pertinent part, it provides:

> If scientific . . . knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

From the reference to "scientific knowledge" and the condition that it "will assist the trier of fact," the Supreme Court has interpreted Rule 702 to require that expert testimony on scientific matters have the following inter-connected attributes:

• that it be "scientific," having a "grounding in the methods and procedures of science";

> • that it bear the hallmarks of "knowledge," which "connotes more than subjective belief or unsupported speculation"; and
>
> • that it "assist the trier of fact" or "fit" a matter at issue, meaning that it expresses scientific knowledge as to the proposition for which it is offered.

*Daubert v. Merrill Dow*, 509 U.S. 579, 592 (1993). The burden of laying the proper foundation for the admission of expert testimony is on the party offering the expert, and admissibility must be shown by a preponderance of the evidence. *Cook v. Sheriff of Monroe County, Florida*, 402 F.3d 1092, 1107 (11th Cir. 2005) (internal citation omitted). In assessing whether this burden has been met and whether the proffered testimony is sufficiently reliable, the Court should consider the following factors: (1) whether the testimony can be or has been verified by the scientific method through testing; (2) whether the underpinnings of the testimony have been subject to peer review; (3) the known or potential rate of error in the witness's technique(s); and (4), if the circumstances might allow for it, whether the substance of the testimony has gained acceptance in the relevant scientific community. *See Daubert*, 509 U.S. at 593-94; *Rink v. Cheminova, Inc.*, 400 F.3d 1286, 1291-92 (11th Cir. 2005), *cert. den.*, 126 S.Ct. 419 (2005).

**III. Analysis**

In her response to the motion to strike, Moore limits the testimony that she expects to elicit from Reverend Gray. In contrast to the broad range of testimony described in her answers to the Defendants' interrogatories, Moore describes Reverend Gray as "simply a witness who will testify about the care and treatment he provided to his church member based upon his training and expertise as a grief counselor" rather than a witness specially employed to provide expert testimony. (Doc. 72 at 2-3). Moore also disputes the Defendants' characterization of Reverend

Gray as someone not qualified to offer expert testimony, pointing to Reverend Gray's experience as a pastor and counselor for congregations exceeding 3,500 members over the past 24 years, as well as his B.S. in psychology.

However, Moore makes no effort to tie these qualifications to the particular issues in this case, such as by describing how many other times Reverend Gray has counseled individuals in similar situations, or how his training permits him to opine upon such things as the emotional impact of discriminatory conduct or how to discern that emotional harm has resulted from discriminatory conduct rather than some other cause. Moore also has not attempted to show that the spiritual counseling techniques practiced by Reverend Gray have sufficient scientific underpinnings, such as being subjected to peer review, so as to be admissible under *Daubert*. Moore also fails to show that the topics on which Reverend Gray would opine, such as the shame that might result from being subjected to discrimination, are sufficiently outside of everyday understanding that an expert's testimony would assist the jury in assessing it.

Moore has failed to meet her burden of demonstrating that Reverend Gray's expert testimony should be admitted. Thus, although Reverend Gray may be permitted to testify as a fact witness[1] in regard to his counseling sessions with Moore, he will not be permitted to offer expert testimony, and in particular he will not be permitted to express opinions regarding the following:

• the damaging effects that can result from discriminatory conduct;

• how any statements or conduct of the Defendants reflected discriminatory animus; and

---

[1] Subject to the usual requirements of relevance, lack of hearsay, and the like.

• what emotional damages, if any, Moore experienced that were caused by Defendants' conduct.

Accordingly, it is **ORDERED** that the Renewed Motion to Strike Plaintiff's Expert Reverend Terrence Gray (Doc. 68) is **GRANTED**, as set forth above.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on November 2, 2009.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party